

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

FTB:AP
F. #2022R00795

May 12, 2023

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Kara Sternquist</u>
               <u>Criminal Docket No. 22-473 (DLI)</u>

Dear Judge Irizarry:

      The government respectfully submits this letter in response to defense counsel's letter dated May 5, 2023, requesting the Court's assistance in matters related to the defendant's conditions of confinement. Specifically, defense counsel has asked that the Court enter an order directing the United States Marshal Service ("USMS") to permit the defendant to have visits, forks, and makeup items.

I.      <u>Background</u>

      On October 18, 2022, the defendant entered into the care of the medical facility where she is currently housed (the "Medical Facility"). Upon her admission, the defendant was permitted to receive visitors approved by the government and the USMS for over three months. However, on January 28, 2023, following a routine inspection of the defendant's room, the USMS discovered shredded pieces of a soda can underneath the defendant's personal items in a small cabinet within her reach. As pictured below, the sharp edges of the soda can presented a significant security risk because they could be weaponized to cause harm to the defendant or to others.



Although the defendant claimed to have ripped up the can to throw it out, the location of the sharp metal fragments (in the defendant's drawer underneath other items) cast doubt on that explanation, and the USMS suspended the defendant's visitation privileges. The suspension did not apply to the defendant's legal visits, legal calls or personal phone calls. Those privileges continued without interruption.

On May 1, 2023, notwithstanding the infraction involving the shredded soda can, the USMS discovered several broken pieces of plastic cutlery on a mobile desk after a routine inspection of the defendant's room, as pictured below.



In light of the earlier infraction involving the can, the USMS concluded that the broken cutlery similarly presented a security concern. In response, the USMS continued the suspension of the defendant's visitation privileges and temporarily restricted her use of utensils to plastic spoons, which presented a reduced security risk to members of the USMS guarding the defendant.

Despite this recent infraction on May 1, the government and the USMS worked collaboratively with defense counsel that same day to accommodate an extended in-person visit by the defendant's close friend to notify the defendant of the tragic passing of her grandmother in person. To facilitate the visit, the USMS requested that defense counsel admonish the defendant that the possession of contraband constituted a serious infraction that would not be tolerated by the USMS. Defense counsel represented to the government and the USMS that she had this conversation with the defendant prior to the in-person visit with her friend.

II.   While the USMS Is Not Prepared to Permit Makeup, It Is Prepared to Resume Visitation Privileges and the Regular Use of Plastic Utensils

Because the defendant is currently housed in a private medical facility that does not have the same security infrastructure that exists at an institutional facility controlled by the U.S. Bureau of Prisons, the USMS has had to assess matters on an ad hoc basis, taking into account not just the safety of its own personnel, but also that of the Medical Facility's staff, patients, and visitors. Traditionally, the USMS has been equipped to handle shorter term stays at medical facilities as opposed to a long-term residential stay like the one here. This has presented the USMS with unique challenges in balancing safety concerns while trying to accommodate most of the defendant's requests in the face of her alarming conduct. In this case, the security concerns of the USMS have also been informed by prior findings by the Court and the Honorable Eric R. Komitee that the defendant posed a danger to the community by clear and convincing evidence. Indeed, the charges pending against the defendant involve the meticulous construction of multiple complex weapons by the defendant in her home.

The government has consulted with the USMS with respect to the specific requests in defense counsel's letter. At the moment, the USMS is unprepared to allow the defendant to receive makeup items from outside of the Medical Facility. The USMS is ill-equipped to police the introduction of items, which cannot be screened in the same way those items would be at an institutional facility, like the MDC. To be clear, the prohibition on make-up items is not a revocation of privileges previously enjoyed in response to the security concerns described above; nor is it unique to the defendant. Rather, the USMS have consistently denied the introduction of make-up items due to concerns regarding their ability to screen such items.

With respect to the cessation of in-person visitation and the prohibition on knives and forks, the government understands that the USMS is prepared to revisit the defendant's visitation privileges and regular use of plastic cutlery within approximately three weeks. While the USMS cannot provide the defendant with a specific timeline or commit at this time to a reinstatement of privileges, this reasonable period of time is necessary for the USMS to evaluate the defendant's commitment to the security protocols following the requested intervention of defense counsel described above. In the event that the USMS reinstates the defendant's privileges, those privileges would be subject to revocation in the event of future infractions.

3

III. <u>Conclusion</u>

    The government and the USMS are hopeful that the defendant's recent infractions were isolated incidents and that the plan described above will ensure adequate conditions of confinement.  The government is happy to provide any additional information that would be helpful to the Court in this matter.

                                    Respectfully submitted,

                                    BREON PEACE
                                    United States Attorney

                      By:    <u>/s/ Andy Palacio</u>
                                    F. Turner Buford
                                    Andy Palacio
                                    Assistant U.S. Attorneys
                                    (718) 254-7000

cc:    Clerk of Court (by ECF)
        Counsel for the defendant (by email)