

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BGK:CSK
F. #2022R00795

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 24, 2024

By ECF

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Kara Sternquist
      Criminal Docket No. 22-473 (DLI)

Dear Judge Irizarry:

  The government respectfully submits this letter to address the forfeiture aspects of the above-caption case, as directed by the Court on December 20, 2023.

The Firearm Identified in Count Three

  On December 20, 2023, the defendant pleaded guilty, without a plea agreement, to Count Three of the Indictment, namely that the defendant, "in or about September 15, 2022, within the Southern District of New York, knowing that she had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a black 9 millimeter pistol." (hereinafter referred to as "the Seized Firearm"). *See* Indictment, ¶ 3. In her plea allocution, which the Court accepted, the defendant admitted that she was a felon in possession and that the Seized Firearm was the firearm that she possessed.

  As set forth in the Indictment, the government put the defendant on notice that, in the event the defendant were to be convicted of Count Three, the government intended to seek forfeiture of any firearm involved in or used in any knowing violation of 18 U.S.C. § 922 or § 924. *See* Indictment, ¶¶ 4-5. Since the defendant pleaded guilty and allocuted to knowingly and intentionally possessing the Seized Firearm while being a felon, in violation of 18 U.S.C. § 922 (g)(1), the requisite nexus exists between the property to be forfeited and the offense charged in the indictment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) (requiring a nexus

between the property to be forfeited and the offense); *United States v. Boston*, 11-CR-107, 2011 WL 4101109, at *1 (E.D.N.Y. Aug. 16, 2011) (concluding that a felon in possession conviction by necessity requires forfeiture of the firearm at issue). *See also United States v. Brummer*, 598 F.3d 1248, 1250-51 (11th Cir. 2010) (rejecting a convicted defendant's challenges to the district court's order to forfeit guns and ammunition in a § 922(e) case and holding that under the relevant forfeiture statutes, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2841(c), the district court lacked discretion to do otherwise). As such, the Seized Firearm is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

As a result, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court enter the attached proposed Preliminary Order of Forfeiture ("Preliminary Order") for the forfeiture of one black 9 millimeter pistol, seized by law enforcement on or about September 15, 2022 from the defendant in New York, New York and that served as the basis for the defendant's conviction.

The Other Items Seized from the Defendant

On or about September 15, 2022, pursuant to a court-authorized search warrant issued by the United States District Court for the Southern District of New York, *In the Matter of the Search of the Premises Located at 407 West 54th Street, Apt. 1W, New York, New York and the person Kara Sternquest*, 22-MAG-7493 (S.D.N.Y.), law enforcement seized the following items from the defendant's residence: multiple suspected silencers and firearms (collectively, "Administrative Firearms and Firearms-related Equipment"). *See* Attached lists to the Declarations of Administrative Forfeiture, dated March 17, 2023 and March 24, 2023 (Exhibits A and B attached hereto). The law enforcement agency, United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), proceeded with the administrative forfeiture procedure with respect to the Administrative Firearms and Firearms-related Equipment. On March 17, 2023 and March 24, 2023, the Administrative Firearms and Firearms-related Equipment were forfeited by ATF as set forth in the attached Exhibits A and B. Because these other items seized from the defendant were administratively forfeited, the government respectfully submits that this Court is without jurisdiction to adjudicate any interest in them. *See Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008) (sovereign immunity bars the district court from adjudicating any claims to property that has already been administratively forfeited and disposed of). As a result, no further action is required by the Court to forfeit the Administrative Firearms and Firearms-related Equipment.[1]

---

[1] In the course of this criminal investigation, numerous counterfeit law enforcement badges, credentials, and forms of identification for various federal agencies were also seized. *See* Docket Entry Nos. 26 and 55. Those items are not being pursued for forfeiture at this time, but rather, are being held by law enforcement as evidence.

Conclusion

Accordingly, the government respectfully requests that the Court "so order" and enter the enclosed proposed Preliminary Order pursuant to Fed. R. Crim. P. 32.2(b)(2)(B), orally pronounce forfeiture at sentence, and attach the Preliminary Order to the Judgment of Conviction. With respect to the Administrative Firearms and Firearms-Related Equipment, no further action is required by the Court since these items have been administratively forfeited by ATF.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ Claire S. Kedeshian
Claire S. Kedeshian
F. Turner Buford
Andrew Polacio
Assistant U.S. Attorneys
(718) 254-6051/6483/6215

Encl.: Preliminary Order of Forfeiture
Exhibits A and B (ATF Declarations of Forfeiture)
cc: Counsel of Record (by ECF)