UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA    PRELIMINARY ORDER OF FORFEITURE

    - against -    22-CR-473 (DLI)

KARA STERNQUIST,
    also known as "Cara Sandiego"
    and "Kara Withersea,"

    Defendant.

- - - - - - - - - - - - - - - - X

WHEREAS, on or about December 20, 2023, Kara Sternquist (the "defendant"), entered a plea of guilty to the offense charged in Count Three of the above-captioned Indictment, charging a violation of 18 U.S.C. § 922(g)(1); and

WHEREAS, the Court has determined that, pursuant to 18 U.S.C. § 942(d)(1) and 28 U.S.C.§ 2461(c), the defendant must forfeit all right, title, and interest in one black 9 millimeter pistol seized on or about September 15, 2022, in New York, New York (the "Subject Firearm"), as any firearm or ammunition involved in or used in the defendant's knowing violation of 18 U.S.C. § 922(g)(1), and/or a substitute asset, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States all right, title, and interest in the Subject Firearm.

2. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Subject Firearm, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Preliminary Order. To the extent that the Subject Firearm is in the custody of any state or local authority, including but not limited to the Property Clerk Division of the New York City Police Department, and is not subject to state or local forfeiture proceedings, such state or local authority is hereby directed to make the Subject Firearm available for seizure by federal authorities in accordance with this Order.

3. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Firearm in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Firearm as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, asserting a legal interest in the Subject Firearm may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Firearm, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Firearm must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right,

title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Subject Firearm in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Firearm. The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Firearm passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Firearm to the United States. If the Subject Firearm, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Subject Firearm, pursuant to 21 U.S.C. § 853(p).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in her judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

7. The United States alone shall hold title to the the Subject Firearm following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. The forfeiture of the Subject Firearm shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

9. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: Brooklyn, New York
_____, 2024

SO ORDERED:

_____
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK