

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

FTB:AP
F. #2022R00795

May 3, 2024

By E-mail

Officer Brian Woo
United States Probation Department
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

        Re:    United States v. Kara Sternquist
                 Criminal Docket No. 22-473 (DLI)

Dear Officer Woo:

        The government is in receipt of the defendant's letter, dated April 26, 2024, responding to the government's observations and proposed revisions to the Presentence Investigation Report (the "PSR"). The government replies here to the defendant's response to its proposed revisions to the PSR.

        Paragraph 18. The government maintains that the Probation Department ("Probation") correctly included the defendant's possession of counterfeit badges and credentials as relevant conduct in the PSR. See U.S.S.G. § 1B1.3. To that end, the PSR should be amended to reflect, as relevant conduct, that at least four individuals made formal complaints to the New York City Police Department ("NYPD") to report lost or stolen credit cards and that these were among some of the identification documents recovered from the defendant's home.

        Paragraph 19. The government maintains that Items 16 and 17 qualify as firearms under the plain language of Title 18, United States Code, Section 921(a)(3), which defines a "firearm" to mean "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; [or] (B) the frame or receiver of any such weapon . . . ." As such, and as concluded by the ATF, Item 16 is a "completed frame" that is designed or may be converted to expel a projectile. Similarly, Item 17 qualifies as a firearm because, even though it is a "partially completed receiver, it was found with a compatible "jig" or template, meaning that it was, for all practical purposes, a functional receiver. To conclude otherwise is to put form over substance.

        Paragraph 22. The government maintains that because the definition of a firearm includes any weapon that may be "readily converted" to expel a projectile, the Court should

consider any minor modifications, which would quickly render any of the firearms operable. The defendant may not be an ATF agent, but she has shown herself to be sophisticated in her knowledge of firearms. As discussed by the government in its letter dated, April 26, 2024, the defendant purchased specific firearms-related components, which would be meaningless to the lay person. The totality of the circumstances plainly shows that the defendant would certainly be capable of readily converting a weapon to expel a projectile.

Paragraph 69. The government maintains that the PSR should be amended to reflect the fact that the defendant has indeed faced disciplinary actions based on her conduct while in custody as previously detailed by the government.

\* \* \*

Thank you for your consideration of these responses.

Very truly yours,

BREON PEACE
United States Attorney

By: /s/ F. Turner Buford
F. Turner Buford
Andy Palacio
Assistant U.S. Attorneys
(718) 254-7000

Enclosure

cc: Allegra Glashausser, Esq. (by ECF and E-mail)
Clerk of the Court (DLI) (by ECF and Hand)