**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza -16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1204 Fax: (718) 855-0760

Tamara Giwa
*Executive Director and*
*Attorney-in-Chief*

*Eastern District of New York*
Michelle A. Gelernt
*Interim Attorney-in-Charge*

June 10, 2024

Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Kara Sternquist*, 22-cr-473

Dear Judge Irizarry:

On Friday I received additional medical records documenting Ms. Sternquist's care at Windsor Park over the past four months. I apologize to the Court that I did not have these records before my sentencing letter was filed. These records provide fuller documentation with respect to Ms. Sternquist's bowel tear and the abrasions from her shackles, which were discussed in her sentencing letter, Dkt. 109, at 7-8. I am, therefore, respectfully writing this brief follow-up letter based on these records. Excerpts from her medical records are attached.[1]

As noted in Ms. Sternquist's sentencing letter, she has had worsening rectal bleeding for months and has been waiting to see an external specialist. The records show that Windsor Park requested a surgical referral for Ms. Sternquist's bowel tear, which the records call a "fissure," on February 2, 2024, and specifically note that they relayed this information to Dr. Bailor at MDC on February 16, 2024. Ex. A at 7-9. At various points, the records note that the fissure is "worsening," and that the surgical consult is still needed. *Id.* at 4, 6. Three months later, on May 7, 2024, MDC attempted to take her to an outside appointment, but did not bring a wheelchair accessible car to transport her; Ms. Sternquist was unable to get from her wheelchair into the car. MDC records call this a "refus[al]," although the same records note that

---

[1] I have included only excerpts of these records because they are voluminous, but can provide a fuller copy if the Court would prefer.

1

she "requires extensive ADL help on daily basis," ex. A at 10-11, and nothing in any of her records suggests that she is able to step into a car. The records continue to note up to the final date of the records, June 7, 2024, that she still "needs surgical consult" for the external hemorrhoid. Ex. A at 1.

The records also document the abrasions on her ankle and foot from the shackles. They specifically note that on March 20, 2024, the "team must remove[ ] the restrictive device on the left lower ext. until the abrasion has healed." Ex. A at 3. This never happened. The shackles have remained on both legs. I reached out to the US Marshals about the abrasions, requesting that she be transferred to single leg shackling on March 21 and April 10, and received a response that the Marshals were "unaware of any abrasions," that the "security team follows up daily with every inmate to check on all restraints to include the leg shackles," and that her "leg shackles are not placed tightly." (Email on April 11, 2024). Contrary to the Marshal's report, the medical records demonstrate that the shackles caused abrasions. On June 7, 2024, the medical records note that the abrasions remain. Ex. A at 1 (noting "left ankle abrasion and right top foot small scab due to cuff friction").

I respectfully request to file the attached medical records under seal as they contain detailed private, medical information.

Respectfully submitted,

/s/

Allegra Glashausser
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8739

# Exhibit A