**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza -16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1204 Fax: (718) 855-0760

Tamara Giwa
*Executive Director and
Attorney-in-Chief*

*Eastern District of New York*
Michelle A. Gelernt
*Interim Attorney-in-Charge*

June 14, 2024

Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Kara Sternquist*, 22-cr-473

Dear Judge Irizarry:

Yesterday, I received the attached supplemental letter from Ms. Sternquist's friend Hannah Simpson. I respectfully request that your Honor accept it in advance of Ms. Sternquist's sentencing.

Additionally, today, the United States Supreme Court struck down the ATF's regulation defining "bump stocks" as "machineguns." *Garland v. Cargill*, 22-976 (June 14, 2024), available at https://www.supremecourt.gov/opinions/23pdf/22-976new_0971.pdf. *Cargill* is relevant to Ms. Sternquist's argument made in her PSR objections that the gun she possessed was not a "machine gun," under the sentencing guidelines. Dkts. 101 at 12 & 105, at 4-5. In *Cargill*, the Supreme Court did a close textual analysis of the statutory definition of "machine gun," 26 U.S.C. § 5845(b), which defines a machine gun as a weapon that fires "automatically more than one shot…by a single function of the trigger." The sentencing guidelines rely on this same statutory definition. U.S.S.G. §2K2.1(a)(4)(B)(II).

As relevant to Ms. Sternquist's case, the Court considered the word "automatically" as a separate requirement than the firing of "one shot…by a single function of the trigger." *Id.* at *6. Indeed, the Court noted that "even" if a gun with a "bump stock could fire more than one shot by a single function of the trigger, it could not do so 'automatically.'" *Id.* at *13 n.6. The Court said this another way, "If

1

something more than a 'single function of the trigger' is required to fire **multiple shots**, the weapon does no satisfy the statutory definition." *Id.* *15 (emphasis added).

The same is true here: even if the gun Ms. Sternquist possessed twice fired two shots with one trigger pull (out of at least 6 testing attempts where it fired just one bullet), it never fired "automatically." It fired only one bullet at a time when the first agency tested it and three of the times the second agency tested it. It never fired more than 2 bullets at a time, and it seems each time the ATF agent fired the gun, the agent had to then "remove[ ]" an "unfired cartridge" and reload before firing again. *See* Dkt. 101, Ex. H, batestamp # 6202-03. This type of manual manipulation to get the gun to fire even two shots – and never "multiple" shots – is much more involved than "active[ ]" "pressure" a person must use to get a bumpstock to fire many, many shots. *See Cargill*, *15. Thus, the gun Ms. Sternquist had was not firing "automatically" and was not a machine gun.

Notably, the Supreme Court also mentioned that "[m]achinegun variants of the AR-15 style rifle include an additional component known as an auto sear." *Id.* *11, n.4. This "sear" "permits a shooter to fire multiple shots." *Id.* The gun Ms. Sternquist possessed did not have the auto sear. *See* Dkt. 101, Ex. H, batestamp # 6202 (noting that the gun did not have an "automatic sear," thus "may lack sufficient force to detonate the primer of the cartridge."). Instead, the gun she possessed had the same internal mechanism illustrated in *Cargill* as the firing components of a semi-automatic weapon. *See Cargill*, *8-11. This only supports Ms. Sternquist's argument that she had no intention for this gun to fire more than one shot with a single trigger pull. *See* Dkt. 105, at 4-5.

Respectfully submitted,

/s/
Allegra Glashausser
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8739

# HannahElyseSimpson

June 13th, 2024

The Honorable Judge Dora L. Irrizary
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Judge Irrizary,

In my previous letter, I mentioned that Kara had worked at the Marlene Meyerson Jewish Community Center (MMJCC, or JCC, for short) and shared that she had a leadership project beyond her AV tech duties in building transgender and non-binary inclusive swimming hours into the pool's schedule. This lowered barriers to entry for those who might not otherwise feel comfortable. I mentioned that Kara had used classic Works Progress Administration (WPA) art from the 1930's as her inspiration for promoting it.

I had feared these images were lost, perhaps on a discarded computer. A picture is worth a thousand words, so I am happy to share these having found them.




This may not have been the final version as she may have later improved the text, but even at this stage it is emblematic of her creativity, her compassion for others in and outside of her own community, and frankly her artistic eye. She not only integrated the colors of the transgender pride flag into a classic design in our city's history, but carefully considered each of figures by modernizing their swim apparel and shading them to highlight our city's beautiful diversity in a way the original perhaps could never have aspired to.

I hope you will take these examples of Kara's meaningful and positive contributions to those around her, and her potential to pick up where she left off upon release, along with the robust support system she will have in place to assist her both physically and mentally, into your sentencing decision and find cause to grant her leniency.

Yours faithfully,

*Hannah E. Simpson*
Hannah E. Simpson