

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

FTB/AP
F. #2022R00795

July 8, 2024

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Kara Sternquist
                 <u>Criminal Docket No. 22-473 (DLI)</u>

Dear Judge Irizarry:

       As directed by the Court, the government writes respectfully to respond to the supplemental sentencing submission filed by the defendant in the above-referenced case on June 14, 2024. <u>See</u> ECF No. 114. The defendant argues that the Supreme Court's recent decision in <u>Garland, et al. v. Cargill</u>, 602 U.S. 406 (2024), holding that "bump stocks" do not qualify as "machine gun[s]" under the statutory definition of that term set forth in 26 U.S.C. § 5845(b), undercuts the finding by the technical examiner of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that one of the firearms recovered from the defendant's apartment was a "machine gun." For the reasons set forth below, <u>Cargill</u> does not bear on the classification of the relevant firearm, which was correctly identified as a "machine gun" because it fired more than one bullet "automatically . . . by a single function of the trigger." 26 U.S.C. § 5845(b).

       In <u>Cargill</u>, the Supreme Court observed that the purpose of a "bump stock" – an accessory device designed to be attached to a semi-automatic firearm – was to harness the energy generated by the firearm's recoil to "bump" the trigger of the gun over and over against a stationary trigger finger, thereby simulating the automatic fire of a machine gun. 602 U.S. at 420-22. Though the trigger was manually depressed by the shooter only once, the action generated by the bump stock effectively pulled the trigger multiple times in rapid succession, with each trigger pull corresponding to one shot of the firearm. <u>See id</u>. at 422-23. The Supreme Court held that the bump stock could not therefore qualify as a "machine gun" because it did not result in a firearm that fired more than one shot "by a single function of the trigger." <u>See id.</u> at 423.

The Supreme Court further held that, even if a bump stock could be understood as resulting in the firing of multiple shots by one trigger pull, it still would not fit the definition of "machine gun" because the firing did not occur "automatically." This was so because – to create the desired result – the user of the bump stock must not only depress the trigger, but also "maintain just the right amount of forward pressure on the [gun's] front grip with his nontrigger hand." Cargill, 602 U.S. at 424. Accordingly, because the firing of multiple shots required more than just a single trigger pull – in this case, constant forward pressure – the bump stock did "automatically" shoot more than one shot based solely on a single function of the trigger. See id. at 427.

None of the Supreme Court's observations concerning bump stocks have any relevance to the classification of ATF exhibit no. 22 ("Exhibit 22") as a machine gun. As documented in the report of the ATF technical examiner, Exhibit 22 was equipped with a "three-position safety selector" allowing the shooter to toggle between three settings: "safe," "semi-automatic," and "automatic." Exhibit H to Apr. 12, 2024 Def. Obj. to PSR, ECF No. 101, at 5. The report further noted that the firearm had been created using an "M16-type bolt carrier" with various component parts and that the gun functioned in a "hammer follow" method, whereby "the hammer is not retained by the disconnector and follows the bolt as it feeds the cartridge into the chamber." Id. Because of this design, the report observed that the "hammer fall is uncontrolled and may lack sufficient force to detonate the primer of the cartridge"; but – notwithstanding this possibility – the report observed that "[h]ammer follow AR-type firearms that shoot automatically are classified as 'machine guns.'" Id.

Sure enough, when the ATF examiner test fired Exhibit 22 in the "automatic" setting, it twice fired more than one bullet with a single trigger pull – with no additional action required. Exhibit H to Apr. 12, 2024 Def. Obj. to PSR, ECF No. 101, at 6. It is true that the firearm on some occasions fired only one bullet in the automatic setting, but the report explained that this was due to the "hammer follow" method of construction – in each such instance, the examiner noted "a light primer strike" on the "unfired cartridge." See id. In this case, the firearm was clearly designed to fire multiple shots "automatically" and in fact did fire more than one bullet with a single trigger pull. That the firearm may not have performed its intended function with perfect reliability has no legal significance.

The defendant points to the Supreme Court's observation in Cargill that "[m]achinegun variants of the AR-15 style rifle include an additional component known as an auto sear . . . that permits a shooter to fire multiple shots while engaging the trigger only once" and notes that Exhibit 22 did not have an auto sear. See 602 U.S. at 420 n.4. That an auto sear would necessarily convert an "AR-15 style rifle" into a machine gun does not mean that no gun without an auto sear can ever be a machine gun. As noted above, Exhibit 22 was "assembled utilizing an M16-type bolt carrier and . . . three-round burst parts"; the weapon operated in a "hammer follow" condition that resulted in automatic firing, albeit with glitches on some occasions. Exhibit H to Apr. 12, 2024 Def. Obj. to PSR, ECF No. 101, at 5-6. Whatever ambiguity there may be in the gun's design features (and the government respectfully submits there is no such ambiguity), the test firing of Exhibit 22 here is conclusive: the gun fired more than one bullet with a single trigger pull on multiple

occasions and therefore satisfied the statutory definition of a "machine gun."  See 26 U.S.C. 5845(b) (defining "machine gun" as "any weapon which [1] shoots, [2] is designed to shoot, or [3] can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger (emphasis added)).  Therefore, the PSR is correct to classify Exhibit 22 as a "machine gun" and to calculate the offense level under the United States Sentencing Guidelines accordingly.

    Respectfully submitted,

    BREON PEACE
    United States Attorney

By:    /s/
    F. Turner Buford
    Andrés Palacio
    Assistant U.S. Attorneys
    (718) 254-7000


cc:     Allegra Glashausser, Esq. (by ECF and E-mail)