**Federal Defenders**
OF NEW YORK, INC.

Tamara Giwa
*Executive Director and
Attorney-in-Chief*

Eastern District
One Pierrepont Plaza -16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1204 Fax: (718) 855-0760

*Eastern District of New York*
Michelle A. Gelernt
*Interim Attorney-in-Charge*

July 15, 2024

Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Kara Sternquist*, 22-cr-473

Dear Judge Irizarry:

     I am writing in reply to the government's submission of July 8, relating to *Garland v. Cargill*, 602 U.S. 406 (2024). In *Cargill*, the Supreme Court analyzed the statutory definition of "machine gun" at length, concluding that a gun with a "bump stock," which allows a gun to shoot hundreds of rounds at once, was not a machine gun. One of the questions before this Court in calculating Ms. Sternquist's sentencing guidelines is whether the gun she possessed was a "machine gun," despite one federal agency stating it was not and the other federal agency failing to get it to shoot more than one bullet at a time in the majority of its tests. The government asserts that *Cargill* "does not bear" on Ms. Sternquist's case and that "[n]one of the Supreme Court's observations [in *Cargill*] have any relevance" to whether the gun here is a machine gun. Gov. Ltr. at 1-2. This is simply incorrect. *Cargill* is the most recent Supreme Court case with a comprehensive discussion of the very definition relevant in Ms. Sternquist's case and this Court should not ignore the Supreme Court's guidance.

     Specifically, in *Cargill*, the Supreme Court interpreted the word "automatically" in the machine gun definition as a separate statutory requirement than the requirement that the gun fire more than "one shot…by a single function of the trigger." *Id.* at 415. Indeed, the Supreme Court noted that "even" if a gun with a "bump stock could fire more than one shot by a single function of the trigger, it could

1

not do so 'automatically.'" *Id.* at 422 n.6. The Court said this another way, "If something more than a 'single function of the trigger' is required to fire **multiple shots**, the weapon does not satisfy the statutory definition." *Id.* 424 (emphasis added). The government's *Cargill* letter does not engage with this statutory analysis. Instead, the government continues to rely solely on the portion of the machine gun definition that a gun fire more than "one shot…by a single function of the trigger," stating that Ms. Sternquist's gun "fired more than one bullet with a single trigger pull" and "therefore satisfied the statutory definition of a machine gun." Gov. Ltr. 2-3. The government does not separately analyze whether the gun did so "automatically," and simply ignores that the gun Ms. Sternquist possessed never fired "multiple shots" and that the agent had to manually manipulate the gun after each test by "remov[ing]" an "unfired cartridge" and reloading before attempting to fire again. *See* Dkt. 101, Ex. H.

The government does attempt to distinguish *Cargill* on the facts, stating that the gun Ms. Sternquist had "twice fired more than one bullet with a single trigger pull – with no additional action required," while a bump stock requires the user to "maintain just the right amount of forward pressure" on the gun to fire hundreds of bullets. Gov. Ltr. 2. The report in Ms. Sternquist's case, however, is silent about any conclusion or hypothesis why the gun usually shot only one bullet or whether the agent used a different amount of pressure on the gun to get the gun to shoot two bullets. Indeed, it is completely unclear from the record why the gun fired two bullets twice, but only one bullet the other times the gun was tested. This ambiguity should result in a finding that the gun was not a machine gun, or, at the least, was not intended to be one.

The government, however, dismisses the majority of test fires, in which the gun fired only one bullet, as "glitches," and calls the two times that the gun fired two bullets as by "clear[ ] design." Gov. Ltr. 2. The facts do not support these conclusions. Indeed, the opposite is much more likely: that the gun fired just one bullet in the majority of the testing attempts suggests that the "glitches" were the two times it fired two bullets.

The government's letter also discusses the phrase "hammer-follow" at some length. Gov. Ltr. 2. It does not explain what significance the phrase "hammer follow" has with respect to the definition of a machine gun; this phrase does not appear in the Supreme Court's decision in *Cargill*. The government does suggest that "hammer-follow" is a purposeful "method of construction," Gov. Ltr. 2, but this appears inaccurate. "Hammer-follow," instead, appears to be a phrase that describes a

2

"malfunction." *See e.g., Cargill v. Garland,* 57 F.4th 447, 453 (5th Cir.), and aff'd, 602 U.S. 406, 144 S. Ct. 1613 (2024) ("When a weapon fails to fire for this reason, it is said to experience a "hammer follow" malfunction"); *United States v. Olofson*, 563 F.3d 652, 656 (7th Cir. 2009) (noting that the "expert stated that such firing capabilities did not result from a 'hammer-follow' malfunction but rather were intended features of the gun"). In any event, the ATF report notes that it is a "common occurrence" for guns operating on "hammer follow" to "fire[ ] one round with a single function of the trigger." Dkt. 101, Ex. H, p. 6. So, even to the extent the "hammer follow condition" was somehow by design, that only supports that the gun was not designed to shoot automatically.

Finally, Ms. Sternquist argued that the lack of an "auto sear" on her gun was indicative of the fact that she did not intend for the gun to fire automatically. In response, the government says that a "gun without an auto sear" can still be a machine gun. Gov. Ltr. 2. It does not respond to Ms. Sternquist's argument that the lack of this key component supports that she did not intend the gun to fire automatically.

This Court should respectfully find that Ms. Sternquist's gun was not a machine gun.

                                            Respectfully submitted,

                                            /s/
                                          Allegra Glashausser
                                          Assistant Federal Defender
                                          Federal Defenders of New York
                                          (212) 417-8739