UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

           -against-

KARA STERNQUIST,

                Defendant.
------------------------------------------------------------x

**SUMMARY ORDER**
22-cr-473 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

On October 15, 2025, Defendant Kara Sternquist ("Defendant") filed a *pro se* letter alleging inadequate medical care at FMC Carswell where she currently is incarcerated. *See*, Letter, Dkt. Entry No. 137. For the reasons set forth below, the letter is construed as a habeas petition pursuant to 28 U.S.C. § 2241 and this matter is transferred to the United States District Court for the Northern District of Texas.

## BACKGROUND

On August 9, 2024, Defendant was sentenced to, *inter alia,* 60 months in custody and the Court recommended to the Bureau of Prisons that she serve her sentence at a women's medical facility to continue receiving gender-affirming care. *See*, Dkt. Entry No. 133.[1] On October 2, 2024, Defendant was placed at FMC Carswell, which is in Fort Worth, Texas. *See,* Letter. Defendant alleges that her current doctor is unfamiliar with her healthcare needs and is not prescribing her the correct dosage of hormone medication. *Id*. at 1–2. Therefore, she requests an order directing her medical provider to supply a certain dosage of medication. *Id*. at 3–4.

---

[1] Defendant's sentence was affirmed by the Second Circuit on August 27, 2025. *See*, Dkt. Entry No. 136.

## **DISCUSSION**

It is black letter law that a *pro se* petition is "to be liberally construed" because *pro se* litigants are held to less stringent standards. *See*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As Defendant does not cite to a specific statute or ground for relief, the Court first must determine how to construe her letter.

A post-conviction challenge to the execution of a sentence is cognizable as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See, Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001). "Matters that may be challenged pursuant to § 2241 include the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Id*. (citation and internal quotation marks omitted). Alternatively, allegations of inadequate medical care are cognizable under 42 U.S.C. § 1983. *See, Fielding v. LeFevre*, 548 F.2d 1102, 1108 (2d Cir. 1977). Recently, the Second Circuit held that a prisoner may bring either a § 1983 civil action or habeas petition when challenging the conditions of confinement. *See, Diaz v. Kopp*, 146 F.4th 301, 307 (2d Cir. 2025).

In the interest of justice and to expedite resolution of this matter, Defendant's letter is construed as a habeas corpus petition pursuant to § 2241 challenging the conditions of her confinement. Writs of habeas corpus pursuant to § 2241 must be brought in the district of confinement. *See, Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025). Accordingly, Defendant's writ of habeas corpus shall be transferred to the United States District Court for the Northern District of Texas where she is confined.

## **CONCLUSION**

For the reasons set forth above, Defendant's letter request is construed as a petition for a writ of habeas corpus and it is hereby transferred to the United States District Court for the Northern District of Texas.

SO ORDERED.

Dated: Brooklyn, New York
November 20, 2025

/s/
DORA L. IRIZARRY
United States District Judge